```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11  GEORGE A. PEREZ, aka                Civil No.   10-1915 DMS (CAB)
    JORGE PEREZ
12  CDCR # K-58741
13                        Plaintiffs,   ORDER:
14                                      (1) GRANTING PLAINTIFF'S
                 vs.                    MOTION TO PROCEED IN FORMA
15                                      PAUPERIS; AND
16  CPPCA; SDPOA; COPS;                 (2) SUA SPONTE DISMISSING
    THE INTERNATIONAL BAPTIST           COMPLAINT AS FRIVOLOUS
17  CHURCH; SHERRY TABANDA;             PURSUANT TO 28 U.S.C.
    BENJAMIN PLATA,                     §§ 1915(e)(2) & 1915A(b)
18
                          Defendants.
19
```

George Perez, also known as Jorge Perez, ("Plaintiff") a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, has filed a civil rights Complaint. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. No. 5].

///
///
///

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 5] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

1 thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from
2 defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203
3 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,
4 446 (9th Cir. 2000) (§ 1915A).

5      Plaintiff's Complaint is incoherent and lacks clear factual allegations.  Plaintiff appears
6 to be suing employees of the "International Bible Baptist Church."  (*See* Compl. at 3-4.)
7 Plaintiff then references "infanticidous" and September 11th, along with claims that the union
8 for state correctional officers is a terrorist organization responsible for September 11th.  (*Id.* at
9 5.)

10      A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*
11 *v. Williams*, 490 U.S. 319, 325 (1989).  Here, the Court finds Plaintiff's claims to be frivolous
12 under § 1915A because they lack even "an arguable basis either in law or in fact," and appear
13 "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.  Thus, the Court dismisses
14 the entirety of Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.

15 **IV.**

16 **CONCLUSION AND ORDER**

17      Good cause appearing, **IT IS HEREBY ORDERED** that:

18      1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5] is
19 **GRANTED**.

20      2.    The Secretary of California Department of Corrections and Rehabilitation, or his
21 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
22 owed in this case by collecting monthly payments from the account in an amount equal to twenty
23 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
24 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
25 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
26 ASSIGNED TO THIS ACTION.

27 / / /

28 / / /

1    3.   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
2 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
3 Sacramento, California 95814.

4    **IT IS FURTHER ORDERED** that:

5    4.   Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.
6 Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time,
7 leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.
8 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would
9 be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.
10 Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in
11 law, this action should be dismissed without leave to amend; any amendment would be futile.")
12 (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

13    5.   Further, this Court **CERTIFIES** that any IFP appeal from this Order would not
14 be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369
15 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant
16 is permitted to proceed IFP on appeal only if appeal would not be frivolous).

17    The Clerk shall enter judgment for the Defendants and close the file.

18    **IT IS SO ORDERED.**

20 DATED:  October 28, 2010

22    HON. DANA M. SABRAW
     United States District Judge